PATRICK MCBRIDE *v.* STATE OF INDIANA

[No. 3-0278A33. Filed October 26, 1978.]

*Robert S. Bechert,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General of Indiana, *Rollin E. Thompson,* Deputy Attorney General, for appellee.

CHIPMAN, P.J. — Defendant-appellant McBride was found guilty by Judge Moellering of possession of a controlled substance (IC 35-24.1-4.1-7(a)). McBride was sentenced on October 11, 1977 and appeals on the basis that the court erred in failing to grant his Motion to Suppress.

We affirm.

McBride filed his Motion to Suppress Evidence in an attempt to prevent the introduction of plastic bags containing phencyclidine (PCP) which were obtained at the time of his arrest. A hearing was held and the court denied the motion. The bags were subsequently admitted into evidence, over McBride's timely objection, and the defendant now appeals.

The basis for the motion to suppress is that the evidence (PCP) was seized without a search warrant; the circumstances prior to the arrest were not within the exceptions to the requirements for a search warrant; and the search was in violation of McBride's constitutional rights. In addressing this issue we have examined the record to determine what evidence was presented both at the hearing on the motion to suppress and during the trial concerning the arrest, and the search and seizure.

## FACTS

Douglas Schultz, the arresting officer, testified that he was a Detective Sergeant on the Indiana State Police force assigned to the narcotics division. He was told by a reliable informant that he could purchase from McBride a quarter of an ounce of PCP for Three Hundred Fifty Dollars ($350). Schultz and the informant went to the defendant's residence and knocked on the door; since they heard no response the informant opened the door and McBride then said "come in."

After entering the residence, Schultz and the informant walked to the kitchen where they observed McBride and a man named Hart sitting at the kitchen table. Hart was holding a syringe containing a milky liquid. There was also a spoon on the table in front of Hart containing a light colored residue.

Several clear plastic bags containing a light-colored substance were on the table in front of McBride and as he stood up he placed the bags in his right front pocket.

Schultz told McBride that he wanted to buy PCP. McBride said he did not have any but he would obtain some later. Schultz informed the defendant that he was a police officer, placed McBride under arrest and then summoned police officers who were waiting outside the residence. Schultz directed one of the officers to search McBride and particularly his right front pocket. The plastic bags were found in the pocket and later tests disclosed that they contained PCP.

The question we must resolve is whether the search and seizure were legal.

## SEARCH AND SEIZURE

McBride argues that his arrest and the subsequent search of his person without a warrant was unlawful. McBride relies primarily on the Supreme Court case of *Mapp v. Ohio* (1961), 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081. The *Mapp* opinion is distinguishable primarily on the basis of the fact that Mapp would not permit the police to enter her residence without a search warrant. Several hours after attempting to gain admittance, the police forced open the door and then searched the entire house locating certain contraband.

The Supreme Court reversed on the grounds that under the circumstances set forth, the search had violated the defendant's basic constitutional guarantees.

In this case Schultz, as a police narcotics officer, had gone to McBride's residence in order to purchase PCP. The officer and the informant were told to "come in." The plastic bags of PCP were clearly visible on the kitchen table.

The evidence would certainly support the following conclusions; that entry to McBride's residence was invited, that the arresting officer had reasonable cause to believe a felony was being committed, and the arrest was therefore legal. *Beck v. Ohio* (1964), 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142. The subsequent search incident to a lawful arrest was an exception to the search warrant requirement. *Sizemore v. State* (1974), 159 Ind.App. 549, 308 N.E.2d 400.

It is our opinion that the court did not err in denying McBride's Mo-

tion to Suppress nor in admitting the plastic bags containing PCP into evidence.

Judgment is affirmed.

Garrard, P.J. concurs.

Hoffman, J. concurs.

NOTE—Reported at 381 N.E.2d 562.